**MARTIN v. FORD MOTOR CO. et al.**

No. 8202—Opinion Filed Nov. 28, 1916.

Rehearing Denied Oct. 9, 1917.

(167 Pac. 992.)

**1. Fraud—Sufficiency of Petition — Damage.**

A petition attempting to plead a cause of action for fraud and deceit, which fails to show any damage resulting to plaintiff from such alleged fraudulent acts, does not state a cause of action.

**2. Same.**

The amended and supplemental petition examined, and held, that the same does not

state a cause of action, and that the action of the trial court in sustaining a demurrer thereto was proper.

(Syllabus by Edwards, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by H. H. Martin against the Ford Motor Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Morgan & Deupree, for plaintiff in error.

Vaught & Brewer and John H. Halley, for defendants in error.

Opinion by EDWARDS, C. The only question in this appeal is whether or not the amended and supplemental petition filed by plaintiff in error,' plaintiff below, states a cause of action. The lower court sustained a demurrer thereto. The plaintiff elected to stand upon said amended and supplemental petition, and refused to plead further. Judgment was entered for defendant, and the plaintiff brings the case to this court by transcript. The amended and supplemental petition is quite lengthy, but a synopsis of the allegations is about as follows: That on the 28th day of June, 1915, the plaintiff was the owner of and entitled to the possession of certain real estate which had theretofore been mortgaged by plaintiff and one Findlay, lessee of said real estate, to one Milnor, to secure a debt in the sum of $16,800. That said mortgage had been foreclosed by said mortgagee, which foreclosure plaintiff herein had contested on the ground that said Findlay was primarily liable, and all resources of the said Findlay should be exhausted before the said property of plaintiff would be liable. That said foreclosure suit had been appealed to the Supreme Court of this state as No. 5733 (52 Okla. 232, 152 Pac. 388) in that court and was then pending. That on or about the 27th day of June, 1915, the defendants Cummings and Holt entered into oral negotiations with plaintiff to procure a quitclaim deed to said real estate. That plaintiff advised said defendants of the condition of the litigation involving said mortgage pending in the Supreme Court, and informed the said defendants that he would not give a quitclaim deed to said property if he would thereby lose his right to defeat the said mortgage, or lose his interest in the said property to the amount of said mortgage, nor unless he could still retain his right to defeat the said mortgage. That plaintiff was thereupon informed by said defendants that they were willing to give him the sum of $950 for a quitclaim deed, and that by making said quitclaim deed plaintiff would lose none of his rights in said litigation pending in the Supreme Court, and that if he could defeat said mortgage he would still have the interest in said property at least equal to the amount of the said Milnor notes and mortgages, with interest. That the said defendants had already negotiated with the said Milnor to purchase the said notes and mortgages and judgment involved in said appeal in the Supreme Court, and knew that if they should purchase the interest of the said Milnor as aforesaid, and should receive from plaintiff a quitclaim deed, that they would thereby secure all of the title to said property, and would completely exclude plaintiff from any right, title, or interest therein. That the said defendants did not inform plaintiff of their negotiations with the said Milnor, and if plaintiff had known of such negotiations he would not have executed and delivered said quitclaim deed. That the said quitclaim deed was executed and delivered by plaintiff with the understanding that the plaintiff would retain his right to save his interest in said property to the extent of said notes and mortgages, and in ignorance of the fact that the said Holt and Cummings had already negotiated with the said Milnor for purchase thereof, and that said deed would convey all the interest of plaintiff in said property to the said Cummings. That it was understood and orally agreed that the said deed was to remain in the Western National Bank until about the 5th day of July, when plaintiff should call and get the sum of $950, and that said deed should then be delivered to Cummings. That on or about the 3d day of July plaintiff notified the defendant Holt that he did not want him to deliver the said deed or accept the said sum of $950, and demanded a return of the deed from said Holt, which was refused by him and the deed delivered to Cummings, who immediately placed the same on record. That the plaintiff allowed the said purchase price to remain in said bank until the 17th day of July, trying to induce the defendants to pay the same back to Cummings and to get said deed back for the plaintiff, and that on said date the said bank delivered to plaintiff the sum of $750 of the purchase price. That plaintiff thereupon tendered to the said Cummings the sum of $950, and demanded a return of said deed or a reconveyance of said property, which was refused. Plaintiff tenders to said defendant said sum and demands a reconveyance of said property. That thereafter the said Cummings filed a motion in the Supreme Court, setting out that he was the owner of all the interest in said real estate, that the matters involved

in No. 5733 had become a moot question, and praying that said appeal be dismissed. That the property is of the value of $30,000. Plaintiff then prays that said quitclaim deed be canceled, that he be decreed to be the owner of said property, or for judgment against the defendants in the sum of $30,000, and for exemplary damages. A copy of the deed dated July 1st is attached.

Does the foregoing petition state a cause of action good as against general demurrer? An examination of the petition discloses that plaintiff has failed to set out any damages resulting to him from the alleged fraudulent acts. He alleges that he was not informed that Cummings and Holt were negotiating with Milnor for the purchase of the notes, mortgages, and judgments, and that such fact was concealed from him by Cummings and Holt, and if he had known of such fact he would not have made the quitclaim deed. We do not perceive how this would be material as a basis for an action for fraud and deceit, since Cummings as assignee could take no greater interest in the notes, mortgages, and judgment than Milnor, the assignor, had. It is true that plaintiff follows this up with an allegation that Cummings thereafter filed a motion in the Supreme Court setting out that he was the owner both of the interest of Milnor and Martin in the matters involved in cause No. 5733 in said Supreme Court, and that therefore only a moot question was before the Supreme Court, but plaintiff does not allege that this motion was ever acted upon by the Supreme Court, or that he suffered any damage by reason of such motion. The mere fact that defendants did not disclose to plaintiff their negotiations with Milnor for the purchase of the judgment rendered in his favor against the plaintiff does not of itself, in the absence of an allegation of damage resulting therefrom, constitute actionable fraud; nor the mere fact that defendants later filed a motion in the Supreme Court, in No. 5733, setting out that they had purchased the title of the real estate involved in this action from plaintiff and the judgment of Milnor, and owned all the interest of both plaintiff and Milnor in the matter in controversy, rendering the matter before that court a moot question, does not of itself, in the absence of an allegation of damages resulting therefrom, constitute actionable fraud. The plaintiff, to state a cause of action, must allege some damage as the result of such acts of concealment. It is not alleged that plaintiff was deprived of his right to prosecute his appeal to a final determination upon the merits, nor that plaintiff was deprived of any right or any interest in the property by the acts or concealment of the defendants. Failing to do this, we think he fails to that extent to state a cause of action. If it was intended by the plaintiff that the lower court or this court should take judicial knowledge of cause No. 5733 (Martin v. Milnor et al., 52 Okla. 232, 152 Pac. 388), then the lower court at the time it sustained the demurrer and rendered judgment from which this appeal is taken had judicial knowledge that cause No. 5733 had already been dismissed in the Supreme Court, for the reason that the case-made for appeal had not been served upon the necessary parties to give the Supreme Court jurisdiction, and had not been certified for use as a transcript, and that the merger of interest of Cummings as grantee under the quitclaim deed and assignee of the judgment of Milnor, so far as the record discloses, was never called to the attention of the Supreme Court, and such merger would have been entirely immaterial if the same had been called to its attention, since under the record that court had not and could not acquire jurisdiction of said appeal.

It follows that the judgment of the trial court in sustaining the demurrer to the amended and supplemental petition was correct.

The cause is affirmed.

By the Court: It is so ordered.